# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | **ORDER OF DETENTION PENDING TRIAL** |
|     Plaintiff, | |
| v. | |
| JOSHUA MATTHEW STONE, | Case Number: 10-20123-03 |
|     Defendant. | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I – Findings of Fact

✓ (1) I find that:
- ✓ there is probable cause to believe that the defendant has committed an offense
- ❏ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
- ✓ under 18 U.S.C. § 924(c), §2332 b(g)(5)(B)

✓ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

✓ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

✓ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II – Written Statement of Reasons for Detention

✓ I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g): Defendant is charged by Indictment with:
- ✓ (a) nature of the offense - Defendant is charged by Indictment with: 18 U.S.C. § 2384 (Seditious Conspiracy); 18 U.S.C. § 2332a(a)(2) (Attempt to Use Weapons of Mass Destruction); 18 U.S.C. § 941(c)(1) (Carrying, Using, and Possessing a Firearm During and in Relation to a Crime of Violence).
- ✓ (b) weight of the evidence - The evidence is strong.
- ✓ (c) history and characteristics of the defendant -
  - ❏ 1) physical and mental condition -
  - ✓ 2) employment, financial, family ties - Unemployed (seasonal worker); minimal assets; has family ties.
  - ✓ 3) criminal history and record of appearance - No criminal history.
- ❏ (d) probation, parole or bond at time of the alleged offense -
- ✓ (e) danger to another person or community - Defendant is the son of Hutaree commander David Brian Stone, Sr. and is the apparent second in command of Hutaree. He leads one of the two operational squads. He led training exercises utilizing explosive devices. He was present during a discussion of the need to kill judicial and police officers. He relayed "alert" and "stand down" messages to Hutaree members. He trained "in depth" defensive tactics employing fighting holes and weapons caches. He was present in the planning of the April 2010 exercise during which Stone Sr. authorized the killing of persons who might be encountered. He instructed his squad to kill by knife or bullet, and welcomed them to the business of killing. He modified semi-automatic firearms to automatic capability. He declared that he hd no job because he was preparing for war. Upon the March 27, 2010 arrest of his co-defendants, this defendant fled to a prearranged "rally point" and attempted to secure support from other militia organizations. He refused to surrender until faced with overwhelming force. (See attached sheet)

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| | s/Donald A. Scheer |
| Date: April 2, 2010 | *Signature of Judge* |
| | Donald A. Scheer, United States Magistrate Judge |
| | *Name and Title of Judge* |

Defendant, Joshua Matthew Stone, is charged by Grand Jury Indictment with: seditious conspiracy; attempted use of weapons of mass destruction; and carrying/using a firearm in relation to a crime of violence. The Indictment establishes probable cause that the charged offenses were committed and that the Defendant committed them. The charged offenses involve violence, terrorism, explosives and firearms, all factors of particular relevance to a bond determination under 18 U.S.C. §3142g(1).  Based upon the government's proffer, I view the evidence as strong, a relevant factor under §3142g(2). The record indicates that the Defendants formed a paramilitary "militia" unit dedicated to the prosecution of armed resistance against the civil authority of the United States Government. They adopted a camouflage uniform with distinctive insignia, and armed themselves with military style weapons, some of which were altered to function in fully automatic mode. Members of the conspiracy also constructed improvised explosive devices to be utilized in training for and carrying out the objectives of the organization.

Pretrial has concluded that only Defendants Ward and Clough present a risk of flight. I respectfully disagree. Each Defendant is charged with a firearm offense carrying a mandatory minimum sentence of five years imprisonment. Further, each Defendant is charged in Count II with attempted use of weapons of mass destruction, a crime punishable by life imprisonment. One of the aims of the charged conspiracy was the protracted resistance to federal authority, and the evidence indicates that the Defendants have trained in preparation for that mission.  In addition, they have hidden caches of supplies intended for their use in evading capture. I conclude that each Defendant has a significant motivation to avoid the punishment prescribed for the crimes charged, and that each presents a risk of nonappearance.

The government proffer indicates that the conspirators settled upon a plan to initiate hostilities against the national government by means of the premeditated murder of a law enforcement officer, to be followed by the ambush and murder, by small arms and explosive devices, of as many additional peace officers as may attend the funeral of the initial victim. The government maintains that the aims of the conspiracy flow from a perverse anti-government fanaticism.  A recorded statement by David Brian Stone was presented at the hearing and fully supports the prosecution's proffer.  The grand jury has found that all of the Defendants joined the conspiracy. That statement, and several declarations by this defendant himself, fully support the prosecution theory. This defendant was particularly zealous in pursuing Hutaree's warlike objectives.  I doubt, therefore, that standard conditions of release would serve to dissuade the Defendant from pursuing the aims of the criminal enterprise, or to protect the public from the obvious dangers inherent in such pursuit.  I am satisfied that the nature and seriousness of the danger to the community in general, and law enforcement personnel in particular, is such as to warrant the detention of this Defendant pending trial, as contemplated in §3142g(4).

In summary, I find that a detention order is appropriate in this instance.  The charged offenses give rise to rebuttable presumption of risk of flight and danger to the community. 18 U.S.C. §3142(f).  Upon review of the proffers, evidence and arguments of counsel, I find that Defendant has failed to rebut the presumption as to either form of risk.  Independent of the presumption, I find by a preponderance of evidence that this Defendant constitutes a risk of flight.  I further find clear and convincing evidence that this Defendant, if released, would constitute an unacceptable risk of danger to the community at large, and to the law enforcement community in particular.

Finally, I note that Pretrial Services has recommended detention, albeit solely on the issue of dangerousness. While I differ with the Pretrial Services Officer regarding the risk of this Defendant's nonappearance, I fully concur with their ultimate recommendation. Accordingly, I will issue an Order of Detention. The Defendants and their counsel are advised that my Order is appealable, de novo, to the district judge to whom the Indictment is assigned.

                                                  s/Donald A. Scheer  
                                                  DONALD A. SCHEER  
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: April 2, 2010